Judge Owslev
delivered the opinion of the court.
This suit was brought by the appellant in the court below for the purpose of obtaining tire title to one moiety of 200 acres of land, patented in the name of Spear Spencer, in consequence of an assignment of .the plat and certificate of survey, made in the name of Frederick Graves.
The appellant in his bill asserts the equitable right through a purchase made from F. Graves by Spear Spencer, the patentee, and which he alledges to have been made for the joint benefit of Spencer and himself; but he charges that in consequence of an assignment made to Spencer by the appellee Caldwell, underapowerof attorney given by F. Graves, directing an assignment to .Spencer and the appellant jointly, the patent improperly issued to Spencer alone; and moreover he charges, that although he has paid.his part of the purchase money to F. Qraves, and notwithstanding Caldwell, acting under the power of attorney, must have known he was interested, yet he now pretends a claim to the land under a contract with Spencer, and prays that the ap-pellees be compelled to surrender to him their title, &c.
F. Graves by his answer admits the right of the appellant to relief; and the bill as to the heirs of Spencer, is taken for confessed; but Caldwell having demurred to the bill, and the court being of opinion the appellant ought not to be relieved, dismissed his bill with cost.
Whether the cause be considered, with reference to the allegations of the bill, or the proof in the cause, there cannot be a doubt, but that the appellees, should be compelled to surrender the legal title to one moietv of the land to the appellant. Although the contract by which he became entitled to one moiety, seems not to have been reduced to writing, yet as Spencer’s contract with Graves was consummated by the execution of the power of attorney, under which, though not in strict conformity with it, Spencer became invested with the legal title, that however, when connected with the fact of the appellant’s having paid bis part of the purchase money, sufficiently demonstrates his right to relief against Spencer. And with respect to Caldwell, as he must have been informed of the power of attor-jjev, under which he made the assignment to Spencer, be *166 fore he derived any claim to the land, he must be considered (viewing the statements m the bill in the most favorable light for him) as purchaser with notice of the appellant’s prior equitv, and consequently ought to surrender íús claim t0 tlle laild'-
Bibb for appellant, Pope for appellee.
The decree of the court, therefore, sustaining the appel-lee, Caldwell’s demurrer, and dismissing the appellant’s mus* be reversed with cost, the cause remanded to that c0’irt5 and such proceedings there had as may be consistent with this opinion.